## WILLIAM H. HIGGINS *et al.*

*v.*

## JOHN BICKNELL.

FRAUD—*false representations as to boundary of land, ground for rescinding contract of sale.* Where the vendor, pending negotiations for the sale of a lot with a house on it, points out, to the person proposing to buy, what he states are the boundaries of the lot, showing that the house is situated several feet from the boundary line, on either side, and the purchase is made on the strength of such representation, when, in fact, the boundary line on

one side runs through and cuts off a part of the house, which was known to the vendor when he made the representations, the purchaser will be entitled to have the contract of sale rescinded, or a conveyance made to him investing in him a good title to the ground embraced in the boundaries so pointed out.

APPEAL from the Superior Court of· Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. W. H. RICHARDSON, and Mr. P. L. SHERMAN, for the appellants.

Mr. HENRY DECKER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Bicknell filed a bill, in the Superior Court of Cook county, against Higgins and wife, to foreclose a mortgage executed to him by the defendants, dated April 2, 1873, upon lot 50, in block 2 of McCagg's subdivision of out-lot 19 of the subdivision of south-west quarter of section 5, township 39 north, range 14 east, by the Board of Trustees of the Illinois and Michigan Canal, given to secure eight promissory notes of that date, given by Higgins to Bicknell, each for the sum of $400, and interest at 8 per cent per annum, and payable, respectively, six, twelve, eighteen, twenty-four, thirty, thirty-six, forty-two and forty-eight months from date.

The bill was filed after the fifth of October, 1874, and alleges that, of the amounts then past due, one note of $400, and interest thereon from date at the rate of 8 per cent, remained unpaid, and that there remained to become due the sum of $2000, and the prayer of the bill was for a decree of foreclosure and sale *for the amount due.* The bill charges that the notes mentioned in the mortgage were given for purchase money of the premises described in the bill.

Answers were filed, admitting the allegations of the bill.

Defendants filed a cross-bill, which was afterwards amended, on December 23, 1874, and to the cross-bill as amended the complainant interposed a general demurrer, for want of equity.

The case was not brought to a hearing until the next note (payable 24 months after date) had fallen due.

At the hearing, the demurrer to the cross-bill was sustained and the cross-bill dismissed by the order of the court, and a decree was entered finding $947.20 due, and ordering payment of that amount by defendants within 30 days, or, in default thereof, a sale of the premises to raise that amount. In case of a failure to realize that amount from the sale, then a judgment for the deficiency was ordered, and if a surplus was realized, it was ordered to be brought into court to abide its further order. The decree also found that there was still to become due upon the mortgage the sum of $1600, with interest at the rate of 8 per cent from April 2, 1873.

From this decree the defendants appeal to this court.

The cross-bill set up, in substance, that, pending the negotiations for the property, Bicknell took Higgins to see the property. It had a house upon it. Bicknell claimed to own the adjoining lot on the east of the lot on which the house stood, and pointed out to Higgins the boundaries of the property he proposed to sell in such position as to show a strip of ground lying east of the house, about two feet wide, as part of the property to be sold, and showed the west boundary in such position as to leave, of the property to be sold, a strip of ground about three feet wide on the west side of the house, when, in fact, the true boundary on the east of the lot, as conveyed, was so far west as to cut off a part of the house, and the true boundary on the west was so close to the house that no available space was left, between the house and the line.

It is charged that these false representations as to the boundaries of the lot were known by Bicknell to be false when made, and were fraudulently made by him, and that Higgins, relying upon them, accepted the deed, and that he did not discover their falsity until a few weeks before the filing of the cross-bill. All this is confessed by the demurrer, and, if true, constitutes such a case of fraud as entitles Higgins to have the contract rescinded or to have a conveyance made to him investing in

him a good title to the ground embraced in the boundaries so pointed out.

The cross-bill is not very artistically drawn, but the substance therein set up is a sufficient foundation for the relief sought. The decree must be reversed, and the cause remanded, with leave to complainant, Bicknell, to amend his bill, or file supplement to the same so as to ask foreclosure for the note due since the suit was begun, and with leave to defendant to amend the cross-bill, and for further proceedings consonant with this opinion.

*Decree reversed.*